UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mary Nabila Muma,                                                  Civil No. 08-6350 (PJS/FLN)

      Plaintiff,

v.                                                                                **REPORT AND**
                                                                        **RECOMMENDATION**

Marcellus Ndanjong Muma,

      Defendant.

_____

Mary Nabila Muma, *pro se*, for Plaintiff.
Marcellus Ndanjong Muma, *pro se,* for Defendant.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge upon the filing of the Plaintiff's Complaint [#1]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends Plaintiff's complaint be dismissed for lack of jurisdiction.

**I. FINDINGS OF FACT**

Pursuant to Federal Rule of Civil Procedure 8(a)(1), plaintiffs are required to include in their claim for relief a "short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). The Complaint in the instant case did not comply with this requirement, and therefore the Court on January 5, 2009 issued an Order to show cause why this case should not be dismissed for lack of jurisdiction. (Dkt. No. 4.) Plaintiff Muma responded to the Order on January 8, 2009. (Dkt. No. 5.) She also provided additional information to the Court on January 12, 2009.

Plaintiff's complaint does not make a claim under federal law on its face, nor do any of the Plaintiff's subsequent filings. (Dkts. No. 1, 5.) Additionally, neither the complaint nor Plaintiff Muma's subsequent responses allege diversity among the parties. *Id.* Further, even if diversity

was alleged, the total amount of damages alleged is far less than $75,000.  *Id.*

## II.  STANDARD OF REVIEW

It is the duty of a federal district court to dismiss an action whenever court is satisfied that a controversy within its jurisdiction is not involved.  *Jackson v. Kuhn*, 254 F. 2d 555, 559 (8th Cir. 1958).  Jurisdiction is a threshold issue, and the court relies on the complaint to "say enough about jurisdiction to create some reasonable likelihood that the court is not about to hear a case that it is not supposed to have the power to hear."  *Hammes v. AAMCO Transmissions, Inc.*, 33 F. 3d 774, 778 (7th Cir. 1994).  With respect to diversity of citizenship jurisdiction, 28 U.S.C. § 1332 provides, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).  "When the complaint does not allege a specific amount, the removing defendant must prove by a preponderance of the evidence that the amount in controversy meets the jurisdictional amount."  *Dyrda v. Wal-Mart Stores, Inc.*, 41 F.Supp.2d 943, 948 (D.Minn.1999) (citing *Jil McCorkindale v. American Home Assurance Company/AIC*, 909 F.Supp. 646, 652 (N.D.Iowa.1995) and *Gilmer v. Walt Disney Co.*, 915 F.Supp. 1001, 1007 (W.D.Ark.1996)).  Moreover, even where the jurisdictional amount was originally pleaded in the complaint, "if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that plaintiff never was entitled to recover that amount, and that his claim was colorable for the purpose of conferring jurisdiction, the suit will be dismissed."  *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938); *see also McCorkindale v. American Home Assurance Co.*, 909 F.Supp. 646, 651 (N.D. Iowa 1995).

### III.  LEGAL ANALYSIS

The issue is whether Plaintiff Muma's complaint should be dismissed for lack of jurisdiction. There are two types of federal jurisdiction – federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§1331-1332.  Under 28 U.S.C. § 1331, which pertains to federal question jurisdiction, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Under 28 U.S.C. § 1332, which pertains to diversity jurisdiction, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).  As Plaintiff Muma's complaint does not allege claims arising under federal law, and because Plaintiff's complaint and associated filings do not allege diversity jurisdiction or establish a matter in controversy exceeding $75,000, this Court does not have jurisdiction over Plaintiff Muma's claims.  Therefore, the complaint must be dismissed.

### IV.  RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** for lack of jurisdiction.


DATED: January 20, 2009               *s/ Franklin L. Noel*
                                      FRANKLIN L. NOEL
                                      United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **February 6, 2009**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.